VAN HOOZIER v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Nuisance**: DAMAGE TO LAND: REMEDY, WHEN BY SINGLE ACTION, WHEN BY SUCCESSIVE ACTIONS. The rule is well settled that when an injury to land occasioned by the commission of a nuisance is of a permanent character, and goes to the entire value of the estate, recovery for the whole injury should be had in a single suit, and a second action cannot be maintained for its continuance. But this rule does not apply to a case where, by reason of the diversion of a stream of running water the plaintiff's land is annually overflowed and his crops injured. Such injury does not go to the entire value of the estate, but being of yearly recurrence, is susceptible of periodical apportionment, and may, therefore, be redressed by successive actions.

2. **Landlord and Tenant**: DAMAGES: PARTIES. A landlord entitled by the terms of the lease to a share of the crop as rent, may maintain an action for damages to the crop; and if no objection is made for non-joinder of the tenant as co-plaintiff, he may sue alone, and his recovery will be apportioned according to his interest.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Geo. W. Easley* for appellant.

1. The damages alleged in the first action, sued for by the respondent, having a reversionary interest only, being of a permanent character, should have been recovered in that action. Wood on Nuisances, § 856. The respondent could sue for no other damages in either action than the permanent injury to the freehold while the possessory right was in Gault as tenant. Wood on Nuisances, §§ 825, 841. The damages recoverable by respondent being precisely the same, i. e., the permanent injury to the freehold, the first action was a bar to the second. 2. If it be held that the petitions in this case and in the former action are not declaratory of injury to the respondent's reversionary interest merely, then there can be no recovery in this action for more than nominal damages, because respondent cannot recover for anything else, as Gault was shown to be in possession as tenant at all times since 1867. *Davis v. Jewett*, 13 N. H. 88; *Ripka v. Sergeant*, 7 Watts & S. 9; *Starr v. Jackson*, 11 Mass. 519; *Bedingfield v. Onslow*, 3 Levinz 209. 3. There being no allegation in the petition that the overflow rendered respondent's rent any less, there can be no recovery on that ground. *Smith v. McConathy*, 11 Mo. 517.

*H. Tutt* and *B. & V. Pike* for respondent.

1. The judgment in the former suit was no bar to this suit. The authorities relied on by defendant have no application to such nuisances as may be removed the day after the verdict. *Pinney v. Berry*, 61 Mo. 367; *Russell v Brown*, 63 Me. 203; *Shadwell v. Hutchinson*, 4 Carr. & P. 333; *Porter v. Rummery*, 10 Mass. 72. 2. Plaintiff and Gault were tenants in common of the crop from its origin until the tenancy was severed by a division. *Walker v. Fitts*, 24 Pick. 191; *DeMott v. Hagerman*, 8 Cow. 220; *Daniels v. Brown*, 34 N. H. 454; *Briggs v. Thompson*, 9 Pa. St. 338; *Harris v. Frink*, 49 N. Y. 27; *Taylor v. Bradley*, 39 N. Y. 129; *Putnam v. Wise*, 1 Hill 234; *Dinehart v. Wil-*

*son*, 15 Barb. 595. 3. If it be contended that Gault should have been joined, the answer is that the objection to his non-joinder has been waived. The omission to make him a party could only be taken advantage of by pleading in abatement. It is not a ground of non-suit, but the damages may be apportioned on the trial, which was done in this case. *Rich v. Penfield*, 1 Wend. 380 ; *Bradish v. Schenck*, 8 Johns. 151; *Brotherson v. Hodges*, 6 Johns. 108; 1 Chitty Pl., 66. 4. The court gave the correct measure of damages. Plaintiff was damaged one-third the rental value of the premises, which was proved to be the value of one-third the grain destroyed by the overflow.

HOUGH, J.—This was an action for damages arising from the diversion, by the defendant, in 1873, of a stream of running water, whereby portions of the plaintiff's land were, in the year 1875, overflowed and rendered unfit for cultivation, his crops destroyed and his timber injured. The defendant pleaded not guilty and a former recovery. There was a verdict and judgment for the plaintiff under the plea of former recovery. The defendant introduced in evidence the pleadings in a suit for damages, instituted by the plaintiff against it in 1875, together with the instructions of the court, the verdict of the jury and the judgment of the court thereon in favor of the plaintiff. It was then admitted by the parties " that the land injured is the same in both suits, that the parties plaintiff and defendant are the same, that the cause of the injury is the same, and the cause of the injury, defendant's railroad and plaintiff's land are all in the same condition as at the commencement of this suit, the judgment in which is pleaded in bar of this action, the only difference being that said former suit was prosecuted for damages during the years 1873 and 1874, while the present suit is for damages during the year 1875, and since the institution of the prior suit and to the institution of the present suit." By agreement of the parties, the plea of former recovery was first

tried before the court, the defendant claiming that the cause of the injury for which the former judgment was recovered was of a permanent character, and that the entire damages, both for past and future injuries resulting therefrom, could and should have been recovered in that suit, and that the judgment therein was, therefore, a bar to the present action.

In cases of nuisance the rule is well settled that the plaintiff cannot recover for injuries not sustained when his

<small>1. NUISANCE: damage to land: remedy, when by single action, when by successive actions</small> action is commenced. It is equally well settled that when the injury inflicted is of a permanent character and goes to the entire value of the estate, the whole injury is suffered at once, and a recovery should be had, therefore, in a single suit, and no subsequent action can be maintained for the continuance of such injury. But when the wrong done does not involve the entire destruction of the estate, or its beneficial use, but may be apportioned from time to time, separate actions must be brought to recover the damages so sustained, and former suit will be no bar to a recovery in another action for damages suffered subsequent to the institution of the first suit. *The Town of Troy v. Cheshire R. R. Co.*, 3 Foster 83; *Cheshire Turnpike Co. v. Stevens*, 13 N. H. 28; Wood on Nuis., § 856; *Pinney v. Berry*, 61 Mo. 367. The lands in question lie north of the defendant's railroad, and the stream diverted originally flowed along and a few rods south of said road. The defendant erected a dam or embankment across the channel of the stream and made a ditch or culvert in the road-bed through which the water of the stream was conducted upon the plaintiff's land. Portions of these lands were annually cultivated after the nuisance was levied, and the crops thereon annually injured, so that it is patent that the injury thereby inflicted did not go to the entire value of the estate, but was of yearly recurrence and varied in extent with the volume of water discharged upon the land. Such being the facts, it is plain that the injury is a continuous one,

susceptible of periodical apportionment, and therefore, capable of being redressed by successive actions. It follows from these views that the court committed no error in overruling the plea of former recovery.

The question of damages was then submitted to a jury. It appears from the record that the land damaged was in 1875, the period covered by the present suit, rented to a 2. LANDLORD AND TENANT: damages: parties. tenant who had agreed to pay the plaintiff, as rent, one-third of the crop raised on the demised premises. It is contended by the defendant that there can be no recovery by the plaintiff on account of any loss of rent, inasmuch as the petition contains no allegation that his rents were diminished by reason of the overflow. The petition alleges the partial destruction of the crops, and so far as its allegations are concerned, the plaintiff appears to be the sole owner; but as it appears from the testimony that the land was leased on such terms as made the plaintiff and his tenant tenants in common of the crop until it was divided, (*Johnson v. Hoffman,* 53 Mo. 504,) and as no objection was, at any time, taken to the non-joinder of the tenant as a party plaintiff, the present plaintiff was entitled to have his damages apportioned at the trial. *Rich v. Penfield,* 1 Wend. 380; *Bradish v. Schenck,* 8 John. 151; *Brotherson v. Hodges,* 6 John. 108. Instruction number three given for the plaintiff virtually directed this to be done, and confined his recovery to the loss of rents sustained by him. The other judges concurring, the judgment of the circuit court will be affirmed.