SAMUEL T. HUDSON, Respondent, v. THOMAS BURK, Appellant.

St. Louis Court of Appeals, February 23, 1892.

1. **Nuisances:** CHARACTER OF REMEDIAL ACTION. An action was brought for damages for the erection by the defendant of an obstruction to a water-course running through the lands of the plaintiff and defendant, and an order was also asked therein to restrain the re-erection by defendant of this obstruction, the same having been washed away prior to the institution of the suit. *Held,* that the action was one at law.

2. ———— : MEASURE OF DAMAGES. If a nuisance is temporary, or is likely to be removed, or has been removed, a party injured by it can in an action at law only recover the damages actually sustained by him at the date of the institution of the suit. And, *held* ( THOMPSON, J., *dissenting* ), that, the aforesaid obstruction having been rebuilt by the defendant after the institution of the suit, the allowance of the damages which were sustained by the plaintiff up to the date of the trial was erroneous.

3. **Practice, Appellate :** IMMATERIAL ERROR. But it appearing that the excess of the damages amounted to only $10, and that the right of the plaintiff thereto in another action would be incontrovertible, *held,* that the reversal of the judgment was not warranted.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*Blair & Marchand* and *F. H. McCullough*, for appellant.

*W. C. & M. D. Hollister*, for respondent.

BIGGS, J.—The plaintiff and defendant own adjoining lands, the plaintiff's being the dominant estate. In 1885 or 1886, the defendant constructed a levee east and west along the dividing line between the premises, and in doing so the plaintiff claims that he obstructed a water-course, which extended in a northerly direction through both farms, and emptied into Coon creek on the north side of the plaintiff's farm. In 1888, the embankment washed out at the place where the plaintiff claimed the water-course ran. In 1889 the plaintiff instituted the present action to recover the damages, which he claimed that he had sustained by reason of the obstruction of the water-course during the time the levee existed. He also asked for a restraining order against the defendant, enjoining him from rebuilding the levee or in any way interfering with the waters of the alleged water-course. The defendant claimed that there was no water-course there, and alleged that the water, which was obstructed by the embankment erected by him, was surface water. At the fall term, 1890, the cause was tried and submitted to a jury, and the issues were found for the plaintiff. Thereupon, the court entered a judgment against the defendant for the damages assessed, and the court also entered a decree directing the defendant to remove the obstruction from the water-course which he had reconstructed after the institution of the suit, and also restraining him in the future from in anywise interfering with the flow of the water therein.

Many exceptions were saved during the trial, and numerous grounds of reversal are urged in this court. They mainly relate to the claim, that there was no substantial evidence tending to show that the channel

obstructed was anything else than a depression in the ground carrying off the surface water. We have read the record with care and conclude that, while the evidence preponderates in substantiating the defendant's claim as to the character of the gulch, yet there was substantial evidence tending to show that it was a watercourse within its definition in *Benson v. Railroad*, 78 Mo. 504. The instructions given to the jury substantially adopted that definition, and, hence, are not erroneous.

Complaint is also made of the following instruction given on the measure of damages: "If the jury find for plaintiff they will assess his damages in such sum as the evidence shows that said embankment depreciated the value of the land for farming purposes from the time of the erection of such embankment *to the present time*, but the jury cannot in such case estimate any future damages to said land."

The objection relates to the words in italics, permitting a recovery up to the date of trial, instead of the date of the institution of the suit. The alleged nuisance was erected at least as early as 1886, and the plaintiff's evidence tended to show constantly recurring damage resulting to him therefrom from that date until 1888, and again from the date of its re-erection in 1889 to the date of trial which took place December 10, 1890. This action was instituted October 25, 1889. The evidence tended to show a depreciation of $15 in the annual rental value of the land after the erection of this nuisance, so that, according to defendant's view of the law, the verdict under this instruction was permissibly excessive to the amount of $10.

The court and litigants proceeded, and we think correctly, to try the case as an action at law. All issues necessary to the defendant's liability were submitted to the jury under instructions, and upon the verdict the court entered a judgment, and in addition to this he was ordered to abate the nuisance. Treating

the case as an action at law for damages with a prayer for an injunction to restrain the continuance of the alleged nuisance ( R. S. 1889, sec. 5491; *Paddock v. Somes*, 102 Mo. 226 ), it is clear the plaintiff's instruction is wrong. The recovery should have been confined to the damages sustained at the date of the institution of the suit. *Givens v. Van Studdiford*, 86 Mo. 149 ; *Pinney v. Berry*, 61 Mo. 359 ; *Van Hoozier v. Railroad*, 70 Mo. 145 ; *Autenrieth v. Railroad*, 36 Mo. App. 254; *Bird v. Railroad*, 30 Mo. App. 374; *Dickson v. Railroad*, 71 Mo. 579. When the nuisance is permanent in its nature, then the entire damage should be assessed. This is sustained upon the theory that the plaintiff has suffered the entire injury, and, therefore, his cause of action is complete. *Van Hoozier v. Railroad*, *supra ; Dickson v. Railroad*, *supra*. But, if the nuisance is temporary, or is likely to be removed, or has actually been removed, a party injured by it can only recover the damages actually sustained at the time the suit was brought. Damages subsequently accruing can only be recovered by instituting a new action. In the case at bar it appeared that the embankment had been washed out about one year prior to the institution of the suit, and for this reason the action cannot be treated as purely an equitable one to abate a nuisance. It was simply an action at law to recover damages for injuries already sustained, with a prayer under the statute for equitable relief, and we know of no principle which would authorize a recovery for subsequent damages arising out of a repetition of the nuisance. In *Paddock v. Somes*, *supra*, the court in remanding the cause directed the circuit court, in making the assessment, to include all damages up to the date of the trial ; but the court was dealing with a state of facts, entirely different from what we have here. That case was tried in the circuit court as an action at law for the recovery of damages arising from the unlawful discharge of surface water on the plaintiff's

land. The petition contained a prayer for an injunction against the nuisance. The circuit court struck out the prayer for equitable relief. The supreme court held that this ought not to have been done. It appeared that, in a previous action between the same parties, the drainage pipe complained of had been found to be a nuisance. As the defendant admitted that he had continued the nuisance, the supreme court held that the only question left for determination was the question of damages, and since the sewer pipe had been, in the action at law, declared to be a nuisance, a court of equity would assume entire jurisdiction and restrain its continuance, as a matter of course. In remanding the cause, the court directed the circuit court to grant the injunction, and that an inquiry of damages be had from the rendition of the first judgment down to the time the inquiry should be had. In other words, a majority of the court seem to have been of the opinion that plaintiff's remedy was in equity to have the nuisance abated or discontinued, and that, under the rules governing equity practice, whatever damage the plaintiff had sustained by reason of its continuance would be adjudged. The assessment of damages in such a case is a mere incident to equitable relief. The right to adjudge such damage is based on the principle that, when a court of equity becomes possessed of a cause, it will not stop short of a complete settlement of all matters of difference growing out of the litigation. In an action at law no such rule can prevail.

In the views hereinabove expressed as to the time up to which damages are assessable in this action, Judge THOMPSON does not concur. He is of opinion that there is no error in the instruction, and that there is no substantial difference between this case and the case of *Paddock v. Somes, supra*, and that that case is binding upon us as the last controlling decision of the supreme court. The majority of the court, however, concur in holding that, in view of the fact that the plaintiff in any

event could recover the excess complained of in this verdict in a new action, and that such excess as above seen is very slight, we would not be warranted in reversing the cause and remanding it for a new trial on that account, when it is evident that a cost of a retrial, even of this action alone, would entail upon the defendant costs vastly in excess of the probable slight excess in the verdict. *Porter v. Harrison*, 52 Mo. 524, 527.

Judgment affirmed. Judge ROMBAUER concurs. Judge THOMPSON concurs in the result.