## WILLIAM A. PORTER, Respondent, v. KANSAS CITY & NORTHERN CONNECTING RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, December 7, 1903.

1. **DEEDS: Exceptions: Reservations.** An exception in a deed is always a part of the thing in being and granted; a reservation is a thing not in being, and newly created.

2. ———: **Right of way: Construction.** A deed conveyed certain lands to a railroad company to construct a railroad thereon, but reserved a right of way to the remaining portion of the grantor's land. *Held*, under the deed the railroad company could lay its railroad and make necessary improvements, but it had no right to obstruct the right of way reserved, by platforms and ditches, so as to materially interfere with the grantor's reserved rights.

3. ———: **Curator's Authority: Ward's Interests: Reformation.** The curator sold his ward's land to a railroad. The order of the probate court failed to mention the reservation of a right of way to the remaining portion of the ward's land, but such reservation in pursuance of the original agreement, was inserted in the deed. *Held*, since the ward was not injured in his property rights by the reservation and the defendant received all it paid for, the defendant can not object to the irregularities in the probate proceedings, and equity will not reform the deed.

4. **DAMAGES: Permanent: Temporary: Obstructing Right of Way.** The damages resulting to a right of way which may be removed are only temporary, and permanent damages can not be assessed.

5. ———: **Excessive: Remittitur.** There was no evidence fixing plaintiff's damages at a greater sum than $200. The verdict was for $300. *Held*, unless $100 is remitted the judgment will be reversed.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED, *si.*

*H. T. Herndon* and *J. G. Trimble* for appellants.

(1) Plaintiff was estopped from denying that land was sold for right-of-way and from claiming that his "roadway" was to be other than a crossing over defendant's tracks. Lajoye v. Primm, 3 Mo. 529; Dickson v. Anderson, 9 Mo. 156; Clamorgan v. Green, 32 Mo. 285; Durette v. Briggs, 47 Mo. 356; Moses v. Dock Co., 84 Mo. 242; Whyte v. St. Louis, 153 Mo. 80; Wolff v. Loan Ass'n, 67 Mo. App. 678. (2) The testimony of Porter of damages to time of trial was incompetent, for the reason that during the time complained of the land was leased, and there is no claim that it was not leased for full value. If there were any damage, the lessee alone had right of action. Lindenbower v. Bentley, 86 Mo. 515. (3) Plaintiff was given as soon as possible, and now has, a convenient and easy crossing over defendant's tracks. He therefore has no right of action and the court erred in not finding for defendant. Clark's Adm'r v. Railroad, 36 Mo. 224; Benson v. Railroad, 78 Mo. 513; Harrelson v. Railroad, 151 Mo. 496. (4) Even if the court were authorized to find "temporary" damages, compensation therefor must be limited to such as had accrued before the filing of the petition. Benson v. Railroad, 78 Mo. 504 (511); Brown v. Railroad, 80 Mo. 457. (5) The finding being in excess of any amount suggested by the evidence, the judgment must be reversed. Benson v. Railroad, 78 Mo. 504 (510).

*E. C. Hall* for respondent.

(1)    The right-of-way reserved in the deed was an exception of that much of the title to the north sixty feet therein mentioned in the plaintiff and the entry thereon by defendant was unauthorized and unlawful.    (2) The erection of the depot, depot platform, railroad tracks, and other obstructions on the sixty foot strip was a complete and permanent obstruction of plaintiff's easement. (3) The curator can bind his ward only by deed authorized by an order from the probate court and any statements he may make to purchaser outside of such deed can not be taken against the interests of the ward.    (4) Injunction is the proper remedy in this case.    Downing v. Dinwiddie, 132 Mo. 99, 1. c.; Rap. & Mac. Digest R. W. Law, vol. 5, p. 1131, and cases cited; Am. and Eng. Ency. Law, vol. 10, p. 910 (2 Ed.)    (5)    In this action it is proper to assess damages past, present and prospective.    Am and Eng. Ency. Law (2 Ed.), vol. 10, p. 910; Moore v. Winter, 27 Mo. 380; Van Hoozier v. Railroad, 70 Mo. 145.    (6)    The reservation in the deed from the curator amounts to an exception by which title to the sixty foot strip was retained in plaintiff. Am. and Eng. Ency. Law (2 Ed.), vol. 10, p. 415; Snoddy v. Bolen, 122 Mo. 486 1. c.

BROADDUS, J.—This suit is for damages alleged to have been sustained by plaintiff in consequence of the alleged wrongful act of defendant in obstructing a right-of-way claimed by plaintiff over defendant's land.

On and prior to August, 1897, plaintiff, who was a minor, owned certain real estate adjoining the town of Plattsburg, Clinton county, Mo., over which it became necessary for defendant to have a right-of-way for its railroad tracks.    The railroad line as located passed over plaintiff's land from north to south and in doing so left 17 acres on the west side of said line and two and seventy-nine one-hundredths acres on the line and the

east side thereof.    The depot of defendant was located on land north and adjoining the said land of plaintiff. A plat showing the lands described, depot, depot platform, railroad tracks, and other surroundings, is hereto attached:

Porter v. K. C. & N. C. R. R. Co.

WEST

17 acre tract

n line n ½ sec 23-55-32 ¼ sw ne

PROSPECT ADDITION

West line of
Right-of-way

Ditch 24 feet wide

Side Track

Main Track

Platform

NORTH

SOUTH

Out House

Tel. pole

DEPOT.

Side Track

South Line 60 foot strip

STREET

E line n½ sw¼ ne¼ 23-55-32

N-E cor n½ s-w n-e 23-55-32

WALNUT STREET

Goggin

Fence

EAST

The agent whose business it was to obtain the right-of-way for defendant entered into negotiations with one Charles L. Porter, who was then plaintiff's curator, to purchase said two and seventy-nine one-hundredths acres. It is agreed that for a certain consideration an agreement was entered into between said right-of-way agent and said curator by which a sale was made to defendant. It became necessary, however, to have an order of the probate court of the county to effectuate such sale and convey the title to the property. For that purpose the curator filed a petition in said court reciting, among other things, that a railroad was to be located over plaintiff's land and property and a necessity existed that the land in question should be sold for the best interests of the minor. Such order was obtained, sale approved and order made to convey the land to the purchaser. The curator made the deed conveying the property to the Northern Townsite company which seems to have been a corporation utilized to take and hold real estate in its name for and on behalf of defendant. After the granting clause and a description of metes and bounds of two and seventy-nine one-hundredths acres, the deed recites: "Reserving a right-of-way over and across said above described tract sixty feet wide across the north end which would be the extension of Walnut street in Plattsburg for the purpose of a roadway of egress and regress to and from the remainder of said land." Said order of sale does not mention said reservation. The admission in defendant's answer, as well as the evidence, was that an open right-of-way not less than sixty feet wide across the land should be reserved in the deed when it should be made. The evidence disclosed that a part of defendant's depot platform extended partly over the reserved right-of-way, a ditch 24 feet wide extended entirely across it, and that it was otherwise obstructed, all of which "prevents plaintiff from having free access to and from his remaining land." There was evidence that the damages to plain-

tiff's remaining land would be about $2,000, should the obstruction remain permanent, and the temporary damages $200. Plaintiff sues for the damages he alleges he has sustained by reason of said obstruction on said sixty foot strip. He also alleges that his said remaining land has no other outlet to the streets and highways except said sixty foot roadway and that unless defendant be required to remove said obstructions he will be irreparably damaged. He prays judgment for his damages and for a removal of the obstructions.

The answer of the defendant is, that the land in question was purchased for a railroad right-of-way which was understood by all the parties at the time, and that plaintiff was to have a roadway or crossing over the same sixty feet wide for the purpose of egress and regress to and from the remainder of his land, but that it was understood and agreed that said right-of-way should be over and across defendant's railroad. And further, that it paid to plaintiff's curator $1,500 for said right-of-way and as damages on account of the building and constructing of said railroad across said tract of land, and as damages to the remainder. The answer also sets out that the order of said probate court made no reservation of a right-of-way over such land, and for that reason the curator had no right to insert such reservation in the deed aforesaid. Defendant prays that the court require plaintiff to elect whether he will stand upon the order of sale and deed directed to be made, or upon the contract made by the curator and defendant, and that upon such election that the deed be corrected and made to conform to said order of the probate court or to the agreement entered into between the parties as plaintiff may elect.

The court rendered judgment dismissing plaintiff's bill for an injunction but gave judgment ogainst defendant for $300 temporary damages. Defendant appealed.

Defendant contends that it was error in the court

to render a judgment against it for any damages whatever. That the land in question was to be used for railroad purposes we think may be clearly implied from all the circumstances in evidence, especially from the recitations of the curator's petition for an order for its sale; and it was both proved and admitted that notwithstanding the land was to be so used, the plaintiff was to have an open right-of-way over it sixty feet in width as a means of access to his remaining land; and there has been no reason urged why the plaintiff should not have damages assessed against defendant for its obstruction. Defendant's position that when it paid $1,500 for said land it was in satisfaction not only for the value of the land but also for damages to plaintiff's remaining land occasioned by the location and construction of its railroad, while, ordinarily, a proper statement of the law, has no application to this case, for here the damages claimed grow out of a violation of the terms of the deed itself for failure to reserve to plaintiff said right-of-way as therein provided, and not by reason of the construction of the railroad.

The defendant had the right to construct its railroad over the land for it was so contemplated at the time of the purchase and was so understood by all parties and the probate court making the order of sale, but not in such a way as to interfere with its reasonable use by plaintiff. It had no right to obstruct it by the platform, the ditch in question, its railroad tracks, or in any other way which would materially interfere with plaintiff's reserved rights. That it might dig a ditch, build a platform, or lay its tracks over the reservation, there can be no question. But it does not follow that by any of these means plaintiff's right-of-way would be necessarily obstructed so as to materially interfere with its use. Common observation teaches differently. The defendant under its deed was vested with the title to the land encumbered with plaintiff's right-of-way as an easement. This provision for a right-of-way was not in the

nature of an exception. "The exception in a deed is always a part of the thing in being and a part of the thing granted; while a reservation is of a thing not in being and is newly created, as rents and the like." Coke on Litt., secs. 476-147. "An exception withdraws from the operation of the conveyance some part of the thing granted, which, but for the exception, would have passed to the grantee under the general description; while a reservation is the creation, in behalf of the grantor, of some new right issuing out of the thing granted; that is to say, something which did not exist as an independent right." Snoddy v. Bolen, 122 Mo. l. c. 486, and authorities there cited.

Besides, from all the facts and circumstances shown, it was the object of the parties to create a reservation. Barnes v. Burt, 38 Conn. 541, and other cases cited in Snoddy v. Bolen, supra.

The defendant's prayer for equitable relief is substantially that the deed containing a reservation of right-of-way be reformed to correspond with the order of sale made by the probate court in which there was no reference to such right-of-way. It is true, the curator derived all the authority he had to make said deed from the order of the court. It is not claimed that in inserting in said deed the reservation for a right-of-way that the ward was injured in his property rights, but on the contrary he was benefited. And besides, this, reservation as we have seen, was in pursuance of the original agreement between curator and defendant's agent. The defendant by its prayer is not seeking equity. The equity of the case is against it. It bought the land and paid for it, less said right-of-way. This is admitted To reform the deed would therefore operate to that extent in favor of defendant at the expense of plaintiff. The defendant was not wronged. It received all it paid for. If the plaintiff, who was then a minor, does not complain it does not lie in the mouth of the defendant who was not injured to interpose an objection to

the regularity of the proceedings in the probate court. The only party who could complain is the plaintiff. The court very properly ignored the prayer for equitable relief.

The court also ignored plaintiff's prayer for equitable relief, but of this he does not complain. But as he excepted to the action of the court and filed his bill of exceptions he asks that the cause be reversed because the court failed to give him judgment for permanent damages. The action of the court should be upheld. The injury here is temporary and only damages for such as had been suffered could have been given. Brown v. Railroad, 80 Mo. 457; Pinney v. Berry, 61 Mo. 359; Foncannon v. Kirksville, 88 Mo. App. 1. c. 284.

The evidence to support temporary damages was slight. We find none in the record fixing plaintiff's damages greater than $200. For this oversight the cause is reversed and remanded unless plaintiff shall within twenty days enter a remittitur for one hundred dollars, in which event the cause will be affirmed. All concur.