Nicholas MONDELLI, Plaintiff-Appellant,

v.

**SALINE SEWER COMPANY, Defendant-Respondent.**

No. 43986.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 2, 1982.

Robert Denlow, Clayton, for plaintiff-appellant.

James E. Bowles, Thurman, Nixon, Smith, Howald, Weber & Bowles, Hillsboro, for defendant-respondent.

SNYDER, Judge.

The plaintiff-appellant, Nicholas Mondelli, received a jury verdict of $7,000 against defendant-respondent, Saline Sewer Company (Saline), as damages for its interference with appellant's access road easement. The trial court granted respondent's motion for a new trial on the basis of an improper instruction and appellant appealed. The judgment is affirmed.

In Count II of his petition filed on April 27, 1979, appellant Mondelli alleged he was the owner of No. 11 Saline Drive in Jefferson County and was the grantee of a 10-foot wide 90-foot long right-of-way easement connecting his landlocked property with State Highway 21. Appellant further alleged that on August 1, 1978, Saline commenced construction of sewer lines adjacent to his property and upon the access road. During the course of construction, appellant alleged Saline: (1) cut down and removed trees, shrubs and bushes; (2) failed to properly seed construction areas; (3) created ruts and holes in the road; (4) removed drainage pipes; (5) placed equipment on the road so as to impede appellant's access to the road; and (6) removed a retaining wall in the creek which ran alongside the road.

The cause was tried to the jury. In his brief, Mondelli states that he,

"brought forth evidence of damages caused by [Saline's] digging, usage of heavy equipment and removal of a retaining wall in a creek which ran alonside (sic) the road. As a result, [he] claimed temporary damage proximately caused by the inability to use the road and sinking in the roadway for a period of time, and permanent damage as a result of ongoing erosion caused by [Saline's] removal of a retaining wall in a creek which ran alongside the road."[1]

The owner of the servient fee, across which the road ran, had granted Saline a concurrent sewer easement in the right-of-way. Respondent's motion for a new trial was granted on the basis that Instruction No. 5 incorrectly stated the manner in which damages were to be assessed. The instruction modeled after MAI 4.02 (1980 Revision) is as follows:

---

1. This is the only statement of the evidence we have. Appellant sought review of the propriety of the submission of an instruction only. Rule 81.16 provides a procedure for creating a record for the appellate court under these circumstances. A transcript may be omitted, but a statement must be filed within 30 days of the notice of appeal showing the points relied on and what material fact or facts the evidence tended to prove. *See, Lewis v. Columbia Mu-* *tual Insurance Co.,* 588 S.W.2d 161, 162 (Mo.App.1979) and *Scarato v. Hayward,* 446 S.W.2d 135 (Mo.App.1969). Here, appellant has not filed the transcript, the statement of facts required by Rule 81.16 or any exhibits which may have been introduced at the trial. Because respondent (with two exceptions noted) has not complained in its brief, the court has relied on this statement in deciding the case.

"If you find the issues in favor of plaintiff, then you must award plaintiff such sum as you may find from the evidence resulting in permanent injuries to the easement to be the difference between the fair market value of his property at No. 11 Saline Drive before it was damaged and its fair market value after it was damaged, and such sum as you may find from the evidence resulting in temporary injuries to the easement to be the difference between the fair rental value of his property at No. 11 Saline Drive before it was damaged and its fair rental value after it was damaged for the period of the temporary injuries."

In his sole point on appeal, appellant contends the trial court erred in granting a new trial because this instruction accurately instructed the jury as to the measure of damages. Appellant's point relied on is overruled. Giving the instruction was error.

■ Interference with or obstruction of an easement is a nuisance. *Autenrieth v. St. Louis & San Francisco Railroad Co.*, 36 Mo.App. 254 (1889); 28 C.J.S. Easements § 96 p. 778. It has long been the rule in Missouri that an owner of a road easement may recover his damages for wrongful interference or obstruction of his easement. *Bladdick v. Ozark Ore Co.*, 381 S.W.2d 760 (Mo.1964); *M. H. Siegfried Real Estate, Inc. v. Renfrow*, 592 S.W.2d 488 (Mo.App.1979); *Judge v. Durham*, 281 S.W.2d 16 (Mo.App. 1955); *Autenrieth v. St. Louis & San Francisco Railroad Co.*, 36 Mo.App. 254 (1889).

■ An easement holder is entitled to such damages as are proximately caused by wrongful interference with the easement. *M. H. Siegfried Real Estate Co., Inc. v. Renfrow*, 592 S.W.2d 488, 494 (Mo.App. 1979). The measure of damages depends upon whether the obstruction is temporary or permanent.

■ If it is permanent then the measure of damages is the difference in the fair market value of the property before and after the interference occurred. *Autenrieth v. St. Louis & San Francisco Railroad Co.*, 36 Mo.App. 254, 259 (1889). See, *Bower v. Hog Builders, Inc.*, 461 S.W.2d 784, 798 (Mo.1970). MAI 4.02 is then the appropriate instruction for damages. *Bower, supra* at 798.

If the obstruction is temporary, the measure of damages is the reduction in rental value of the property during the maintenance of the obstruction, *M. H. Siegfried Real Estate Co. v. Renfrow*, 592 S.W.2d 488, 494 (Mo.App.1979), or any special damages which may be established. *Judge v. Durham*, 281 S.W.2d 16, 21 (Mo.App.1955).[2]

Whether the interference or obstruction here was permanent or temporary determines whether the instruction given was correct. Although no appellate case has defined the difference between a temporary and a permanent obstruction, a review of the cases is instructive.

A ditch across the right-of-way constituted a temporary interference in *Porter v. Kansas City & Northern Connecting Railroad Co.*, 103 Mo.App. 422, 77 S.W. 582 (1903), while a chain and fence obstructing the road easement constituted a temporary interference in *M. H. Siegfried Real Estate Co. v. Renfrow, supra*. On the other hand, the creation of a 30-foot deep hole approximately 100 yards square which resulted in the complete removal of a 400-foot section of the roadway including the underlying rock, dirt and clay by the defendant quarrying company, constituted a permanent obstruction in *Bladdick v. Ozark Ore Co.*, 381 S.W.2d 760 (Mo.1964). The construction of a railroad bed across the easement creating a steep incline impossible for vehicular traffic to traverse constituted a permanent obstruction in *Autenrieth v. St. Louis & San Francisco Railroad*, 36 Mo.App. 254 (1889).

2. In addition, the easement holder is entitled to injunctive relief. See, *M. H. Siegfried Real Estate Co. v. Renfrow*, 592 S.W.2d 488, 494 (Mo.App.1979) and *Judge v. Durham*, 281 S.W.2d 16, 18 (Mo.App.1955). Since this case must be retried, the appellant may amend his petition prior to trial to request a mandatory injunction requiring the respondent to correct the interference and obstruction.

In *Bladdick*, the Missouri Supreme Court noted the issue was whether defendant's actions "extinguished access to appellant's property . . . ." *Bladdick v. Ozark Ore Co., supra* at 768. Review of the cases and the record here, leads to the conclusion that this is a temporary interference and obstruction of the appellant's easement. Appellant claimed permanent damages only as a result of erosion of the roadway caused by removal of a retaining wall. Access to appellant's property has not been extinguished by respondent's actions. Consequently, the trial court did not err in concluding Instruction No. 5 improperly instructed the jury on damages because it allowed recovery for permanent injuries to the easement. Appellant's measure of damages is the reduction in the rental value of his property for the period of interference.

Respondent raises several other points in his brief. They will either not arise on retrial or else they have been adequately answered by the treatment of appellant's contention of error.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.