WIMER, Plaintiff in Error, v. OBEAR AND MASON, Defendants in Error.

1. Section 42 of the "act to regulate executions," (R. C. 1845, p. 483,) which provides that if the purchaser "refuse to pay the amount bid by him for property struck off to him, the officer making the sale may again sell such property at any time to the highest bidder; and if any loss shall be occasioned thereby, the officer shall recover the amount of such loss, with costs, by motion before any court," &c., does not authorize a judgment on motion against one who has been substituted in the place of the purchaser at the sale, with the consent [of such purchaser, and who has been reported as the purchaser by the sheriff; this summary remedy by motion can be had only against the actual purchaser at the sale.
2. *Quere :* whether this section embraces a sale in partition.

*Error to St. Louis Circuit Court.*

This was a motion made by John M. Wimer, late sheriff of St. Louis county, for judgment against J. H. Obear and E. R. Mason, for the sum of $915 30, the amount of loss alleged to have been occasioned by their refusal to pay the sum bid by them at a sale of certain lands made by said Wimer as sheriff of St. Louis county, under an order of the Circuit Court, in a suit in partition. Among other matters that it is unnecessary to set forth, it appeared upon the trial of the issues raised by the answer of defendants, that the land was struck off at the sheriff's sale, under an order of court in a suit in partition, to one Rudolph Bircher; that defendants, Obear and Mason, were not present at the sale; that Bircher afterwards sold the right acquired by him by his purchase to defendants for $50; and that at the request of Bircher, Obear and Mason, the sheriff substituted Obear and Mason as the purchasers in the place of Bircher, and *reported* them as the purchasers.

The court gave judgment for defendants. Plaintiff duly excepted.

*S. H. Gardner* and *Richardson*, for plaintiff in error.

*M. L. Gray*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

As we are of opinion that the defendants are not liable in this proceeding, we deem it unnecessary to examine the question, whether a sale in partition is within the 42d section of the law regulating executions, on which this motion is founded, and which enacts " that if the purchaser refuse to pay the amount bid by him for property struck off to him, the officer making the sale may again sell such property at any time to the highest bidder ; and if any loss shall be occasioned thereby, the officer shall recover the amount of such loss, with costs, by motion before any court." This is a statute introductory of a new provision in regard to sheriff's sales, rather penal in its character, and summary in its execution. Under such circumstances, a principle of the law restrains us from going farther than to give the language of the act a fair construction, so as to cover the cases coming within its terms. Whether the defendants are liable in any other form of proceeding for their conduct, we are not called upon to determine ; the inquiry before us is, whether they are subject to the motion made against them by the plaintiff, who was, at the time of this transaction, the sheriff of St. Louis county. It is evident that the defendants are not within the terms of the law. They were not purchasers at the sale, nor even present. When another is substituted by consent for the purchaser at a sheriff's sale, and the act is completed, the money is paid and the deed delivered, the law is satisfied. No one is injured. But if, after an agreement for substitution, the party refuses to be substituted, then the sheriff must look to the person who was really the purchaser at his sale. His return would not be in the way, as the court, on a representation of the facts, would permit an amendment. The sheriff would have no authority to release the first or real purchaser but upon his finding an actual substitute. The individual who actually becomes the purchaser must comply with the terms of the sale, or find some person who will. If he who agrees to be substituted afterwards flies

his engagement, the original liability of the first purchaser is not discharged, as his substitute could only be accepted with the tacit understanding that he would comply with the terms of sale. The case under consideration illustrates the inconvenience of the construction sought to be put upon the statute by the plaintiff. The court, on motion of one party, would be made to decree the specific execution of a contract for the sale of land between two other parties, about the terms of which they are not agreed, and one of whom is not before the court. The court is not competent to such a task on motion. The law only gives it jurisdiction of the purchaser who refuses to pay the amount bid by him. The defendants were not purchasers, nor did they bid any thing, and neither by their consent nor agreement could they change the words of the statute and make it comprehend cases not within its terms. The judgment is affirmed; the other judges concurring.