# THE SUPREME COURT

OF

## THE STATE OF MISSOURI.

### AUGUST TERM, 1873, AT ST. JOSEPH.

———o———

JAMES L. CRAVENS and WM. T. CHRISTIE, Respondents, *vs.* W. T. GORDON, Appellant.

1. *Sheriff's sale—Substitution of purchaser instead of the original vendee—Mistake as to title—Action for money paid.*—Where a third party refunds to the purchaser at an execution sale the amount of his bid and is substituted in his stead as purchaser, but it afterward transpires that, contrary to the understanding of both parties, the land is that to which defendant in the execution had no title, the substituted purchaser will have no action against the original vendee for the amount of the purchase money paid over.

*Appeal from Clay Circuit Court.*

*Merryman & Paxton,* for Appellant.

I. When the substituted purchaser obtains the sheriff's deed, he is invested with all the rights, remedies and interests of the party in whose stead he is substituted. (Wimer vs. Obear, 23 Mo., 242; 1 Littell, 17; 1 Wend., '46.)

II. If appellant had not made any disposition of his purchase, and had received the deed from the sheriff without any examination of the title, and the money had been paid to the

287

plaintiff in the execution, he could not recover it from the sheriff, nor from any other person. So with respondents; they cannot recover from Gordon, if he is without remedy. Courts will not permit vendors to recover the purchase money, unless the vendee can be placed in *statu quo*. (Adams Eq., 392 ; note.)

III. The defendant in the execution, as he has received the benefit of the sale, is bound in equity to make good the mistake. (McLean vs. Martin, 45 Mo., 393.)

*J. W. Jenkins,* for Respondents.

I. The doctrine that money paid under a mutual mistake may be recovered back is well established. (McLean vs. Martin, 45 Mo., 393 ; Bank of Commerce vs. Union Bank, 3 N. Y., 230 ; Wheaton vs. Olds, 20 Wen., 175.)

ADAMS, Judge, delivered the opinion of the court.

This was an action to recover back the purchase money alleged to have been paid by the plaintiff to the defendant for a tract of land. The facts as they appear by the record, are substantially as follows :

The sheriff of Clay county sold under execution certain lands of J. T. V. Thompson. The defendant at this sale bid off one of the tracts at the price of $840.00. It was declared from the stand when the sheriff was selling the land, that this tract was "the stone house tract," and the defendant seems to have believed that it was that tract, and after his purchase and before the sheriffs' deed was made, the plaintiff, Cravens, applied to the defendant, Gordon, for the land, and the defendant asked him $40 over his bid, and Cravens agreed to take the land at that price, and paid the defendant $780.00 and then directed the sheriff to return Cravens and the plaintiff, Christie, as the purchasers at sheriff's sale instead of the defendant, and to make them the deed. The sheriff accordingly made plaintiff a deed to the tract of land bid off.

All parties thought it was the "stone house" tract, and the substitution of the plaintiffs as purchasers was made in good

faith, and under the belief that it was the "stone house" tract. It turned out, however, that this was a mistake, and that the land sold and bid off, and which was afterwards conveyed by the sheriff's deed to the plaintiff, was not the "stone house" tract, but was a tract of land which at that time belonged to the plaintiff, Cravens, and not to J. T. V. Thompson.

The court allowed the plaintiff to recover on these facts, and refused an instruction asked by defendant to the effect that upon the evidence the plaintiffs were not entitled to recover.

The facts of this case show, that what took place between the parties was merely to substitute the plaintiffs as purchasers at the sheriff's sale instead of the defendant. Purchasers at judicial sales take the hazard of the bargain. If it turns out good, they are entitled to the benefit, and ordinarily, if it be a bad bargain, they must suffer the loss. It was competent for the parties to make the alleged substitution, and after it was made the plaintiff stood in the shoes of the defendant. (See Wimer vs. Obear, 23 Mo., 242.) It is unnecessary for us to decide, whether they have any remedy against any of the parties to the execution for the recovery of the purchase money. It is sufficient to say, the facts here do not warrant the recovery against the defendant.

Let the judgment be reversed and the cause remanded. Judges Vories and Sherwood concur; Judges Napton and Wagner absent.