BROWN v. THE CHICAGO & ALTON RAILROAD COMPANY, *Appellant.*

1  **Negligence in Constructing Dam**: DAMAGES: PLEADING. In an action for alleged special damages to plaintiff, occasioned by overflow of water on his land caused by defendant's negligence in constructing a dam, damages for injuries to the land itself, and as to which the petition contains no averment, connot be recovered.

2. ———: ———: SICKNESS IN PLAINTIFF'S FAMILY: DAMAGES. Sickness in plaintiff's family, caused by such overflow of water from defendant's negligently constructed dam, is a proper element of damages where the same is pleaded in the petition.

*Appeal from Audrain Circuit Court.*—HON. ELIJAH ROBINSON, Judge.

REVERSED.

*Mcfarlane & Trimble* for appellant.

Plaintiff's fourth instruction was erroneous in assuming the dam caused the overflow, and in directing the jury to assess damages for injury to the land itself, and also to its rental value. Revised Statutes, section 788, provides a special remedy for the permanent injury to the land, which excludes all others, and any instruction that plaintiff was entitled to damages for such permanent injury, was im-

| 80 | 457 |
| 36a | 259 |
| 80 | 457 |
| 47a | 496 |
| 80 | 457 |
| 53a | 296 |
| 80 | 457 |
| 66a | 441 |
| 80 | 457 |
| 88a | 284 |
| 80 | 457 |
| 95a | 166 |

proper. 1 Sutherland on Damages, 202; Sedgwick on Damages, 162; Wood on Nuisances, § 856. The rule for the measure of damages, as stated in the instruction, was erroneous. 3 Sutherland on Damages, 417; *Kemper v. Louisville.* 14 Bush 87; *Francis v. Schoelkuff*, 53 N. Y. 152; *Pinney v. Berry*, 61 Mo. 361. Defendant had a right to an independent trial of the fact whether the maintenance of the dam produced the sickness. 3 Sutherland on Damages, 417; Wood on Nuisances, §§ 495, 496, 497; *Illinois Central R. R. Co. v. Grabil*, 50 Ill. 241; *Hutchins v. Smith*, 63 Barb. 252.

*T. B. Buckner* for respondent.

Sickness causing a nuisance, is an element of special damages when it is averred. *Ellis v. Railroad Co.*, 63 Mo. 131; *Story v. Hammond*, 4 Ohio 376; *Keerney v. Farrill*, 28 Conn. 317; *Mills v. Hall*, 9 Wend. 315; Wood on Nuisances, § 724; *Pinney v. Berry*, 61 Mo. 359. The case was fairly submitted to the jury, and the verdict should not be disturbed.

EWING, C.—The respondent owned a farm about one mile above the point where the appellant's line of railroad crosses Beaver Dam fork of Salt River, at which place appellant had erected a dam for the purpose of procuring water for the use of its road.

Respondent, in August, 1880, commenced a suit in the Audrain circuit court for damages, charging that appellant so negligently and carelessly constructed said dam as to cause the creek to back up and overflow respondent's farm, and cause the damage complained of; and alleged as special damages, that grasses were destroyed, trees killed, the land rendered useless for cultivation or grazing purposes, floating off logs, timber and rails, depositing *debris* and drifting trash on said lands, cutting off plaintiff's outlet to other lands, destroying roads and fords and crossings, and ren-

dering the stream impassible, destroying a valuable sand-bank which had been theretofore a source of revenue, diminishing the rental value of said land one-half, and causing sickness in plaintiff's family, whereby he was damaged $2,000.

The defendant answered, alleging existence as a railroad corporation; that it erected the dam for railroad purposes under the law, and did so in a careful and skillful manner.

Plaintiff offered evidence tending to prove the allegations in the petition, and also that the dam caused the overflow. The defendant offered evidence tending to prove that there was an exceedingly heavy rain, and a general overflow, that the top of the dam was several feet below the lowest part of plaintiff's land, and that the back-water from the dam did not make the creek water come to the top of the banks anywhere, and that the dam cannot cause the water to overflow plaintiff's land " as long as water continues to seek a level."

Among others, the court gave the following instruction for the plaintiff, against the objection of the defendant:

4. In assessing the damages the jury will take into consideration all injuries which they shall believe from the evidence was caused by said dam, back-water and overflow to plaintiff's land, including all injuries to grasses, trees, standing and being on said land, and injuries to the land itself, and for logs and rails floated off, and for injuries to roads and passways on plaintiff's land crossing said stream, and by injuries done by cutting off one portion of plaintiff's land from another, and for injuries to a sand-bank or sand-banks on plaintiff's land, and injuries to rental value of said land caused by said back-water and overflow of said land, and the same becoming sickly, and for injury to the health of plaintiff's family.

This instruction is objectionable for more reasons than one. All the damages claimed by plaintiff are special, and the instruction must be confined to the pleading. A party

cannot be permitted to sue for one thing, and submit other questions to the consideration of the jury. This instruction, after submitting to the jury all the questions as to special damages asked in the petition, then submits that in assessing damages they shall take into consideration "injuries to the land itself," concerning which there is no allegation and prayer in the petition. *Glass v. Gelvin, ante,* p. 297; *Benson v. C. & A. R. R. Co.,* 78 Mo. 504; *Bank v. Armstrong,* 62 Mo. 59; *Moffatt v. Conklin,* 35 Mo. 453; *Bank v. Murdock & Armstrong,* 62 Mo. 70. This instruction not only submits to the jury the question of "injury to the land itself," but also "injuries to the rental value" thereof. It assumes that injuries were caused by back-water and overflow, regardless of the question whether the dam caused the back-water and overflow. It also submits, in addition all questions of special damage alleged in the petition, and is so drawn as to make its meaning ambiguous and misleading.

Plaintiff seeks to recover for alleged special damage. The measure of damages in such a case as this cannot be the difference in value of the land before and after the injury, and the difference in rental value also, before and after the injury. But must be the injury actually sustained at the commencement of the suit. Shearman & Redfield on Negligence, section 602, lays down this rule: "In an action for a negligent injury to real estate, the rule of damages generally adopted, is to allow the plaintiff the difference between the market value of the land immediately before the injury occurred, and the like value immediately after the injury is complete." But in *Pinney v. Berry,* 61 Mo. 359, Napton, J., said: "But it is obvious that this rule has no application to such nuisances as may be removed the day after the verdict, or for the continuance of which a second or third action may be maintained, or which may be abated at the instance of the injured party, by the order of a competent court." The suit at bar is for alleged special damages, and the measure of damage is compensation

for the loss actually sustained prior to the suit, by reason of the alleged negligence and carelessness of the defendant.

The court below did not err in refusing the fifth instruction asked by the defendant. The sickness of plaintiff's family is alleged in the petition as a cause of damage, which is a legitimate and proper instruction for the jury. *Ellis v. K. C., St. J. & C. B. R. R. Co.*, 63 Mo. 131; *Pinney v. Berry*, 61 Mo. 359.

For the error in giving the fourth instruction asked by the plaintiff, the judgment of the circuit court is reversed and the cause remanded. All concurring.