ALFRED TAYLOR, Respondent, v. KANSAS CITY CABLE
RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 9, 1888.

PRACTICE—PLEADING—INSTRUCTIONS—CASE ADJUDGED.—The petition
in this cause only asks damages for making an embankment in the
street in front of plaintiff's property, thereby raising the grade.
The instructions of the trial court include a further cause of ac-
tion and direct the jury to assess damages sustained by reason of
either or both.   *Held,* error and that the instructions must be con-
fined to the pleading.

APPEAL from Jackson Circuit Court, HON. TURNER
A. GILL, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

JOHNSON & LUCAS, for the appellant.

I.   (a) The first instruction given for plaintiff de-
clares, in effect, that the natural surface of the earth
over which a street or highway is dedicated, can never
be changed without compensation to the owner of abut-
ting property if he choose to claim it.   This is not the
law.   The dedicator of ground for a highway subjects it
to all reasonable public uses, and the purchaser of a lot
abutting upon a highway takes it subject to those uses.
*Gay v. Tel. Co.,* 12 Mo. App. 485 ;  *Bldg. Ass'n v. Bell
Tel. Co.,* 88 Mo. 258.   (b) The construction upon a
highway of a street railway, the tracks of which are
laid upon a grade established for said highway by the
proper municipal authorities, and with their consent, is
a reasonable public use thereof.   This proposition needs
no citation of authorities.

II.   Both instructions given for plaintiff tell the
jury that they may take into consideration damages the

plaintiff has sustained by reason of "the construction of said cable railroad in front of his property." No such damages are claimed in the petition, and hence the instructions are manifestly erroneous. *Bank v. Murdock*, 62 Mo. 70; *Fulkerson v. Thornton*, 68 Mo. 468; *Brown v. Railroad*, 80 Mo. 457; *Van Hooser v. Berghoff*, 90 Mo. 499.

III. (*a*) The instruction asked by defendant should have been given. The county court had full power to grant the right, which plaintiff conceded, it had granted to defendant. Rev. Stat., sec. 765. (*b*) If, after the street in front of plaintiff's property passed from the control of the county court to that of the City of Kansas, the city established a grade for the street injurious to the plaintiff's property, that fact could be no cause of complaint against defendant. Its tracks were laid upon the grade of the street, the establishing of which was beyond its control; and the fact that its tracks were so laid, exempts it from liability. The embankment was not above the grade of the street. *Lackland v. Railroad*, 31 Mo. 180; *Tate v. Railroad*, 64 Mo. 158; *Swenson v. Lexington*, 69 Mo. 157; *Cross v. Railroad*, 77 Mo. 318.

KARNES & KRAUTHOFF, for the respondent.

I. (*a*) That an abutting proprietor can recover any damages which he may sustain by reason of the change of the natural surface of the highway adjacent to his premises, under section 21, article 2, of our present constitution, is no longer an open question. *Worth v. City of Springfield*, 78 Mo. 107; *Householder v. City of Kansas*, 83 Mo. 488. (*b*) The inquiry is not as to the reasonableness of the proposed use, but whether the property owner is "damaged" thereby.

II. (*a*) Neither the county court of Jackson county nor the common council of Kansas City could grant the defendant a license to damage the plaintiff's property without compensation. Under the present constitutional provision, if public work, or work *quasi*

public, does "damage" to private property (in a legal sense), the owner is entitled to recover the damages in a common-law action with the same effect as he could have done prior to the adoption of the present constitution, if the work had been done without legislative authority or municipal permission. This authority or permission does not protect the person inflicting the "damages" complained of. He is still a wrongdoer and may be liable, although the municipality is not. *Rigney v. City of Chicago*, 102 Ill. 64; *Spencer v. Railroad*, 23 W. Va. 406; *City of Olney v. Wharf*, 115 Ill. 519, 525. (*b*) The result of the decisions declaring the effect of the insertion of the word "damaged," in the constitutional provision, is to render the rulings in *Lackland v. Railroad*, and the three other cases cited by the defendant, inapplicable to such a case as this, on the point under consideration, except to show the liability of the defendant company for the injury complained of; and by applying to those cases the rule which would have obtained in them had there been no municipal license for the acts there complained of, to disclose the tests of the defendant's liability here. See Leading Article, 24 Cent. Law Jour. p. 51 (January 21, 1887).

III. The petition alleged that the defendant was engaged in building and operating a cable railway over and upon the streets of Kansas City, among other places, in front of plaintiff's property; and also, that it had thrown up an embankment in front of said property, thereby putting it below the level of the street, and that, by reason of these wrongful acts of the defendant, said property has been greatly decreased in value, etc., to plaintiff's damage, etc. It is fairly inferable from the petition, taken as a whole, that the embankment complained of was thrown up by the defendant for the construction of its railroad. Such was the proof. And it is a reasonable construction of the instructions complained of, that the language, "change of the street and the construction of said cable railroad,"

referred only to the embankment complained of in con-
nection with the manner and purposes of it.   There was
no pretense of authorizing a recovery for any damages
from the erection of a cable line as such ; no evidence of
damages on such an issue ; nor was any such objection
made by the defendant below, in any form or at any
stage of the trial.   Violence is done to the plain mean-
ing of the instructions complained of by distorting them
into the meaning now, for the first time, ascribed to
them by the defendant.   No evidence was offered to
show the damages which it is said should not have been
recovered under the pleadings.   The references to the
effect of a cable railway on the value of adjacent prop-
erty were merely incidental to the issue of the
"benefits" invoked by defendant.   The jury fixed the
damages at about the estimate of defendant's own
witness, Everhart.   The estimates of none of the wit-
nesses included any element or item of damage except
that which resulted solely from, and was involved alone
in, the raising of the grade of the street by the act of
defendant in throwing up an embankment for its cable
railroad.

IV.   The defendant cannot and does not pretend to
have been prejudiced by the language now complained
of, and cannot show that it has not had a fair trial with-
out error materially prejudicial to it.

ELLISON, J.—The petition in this cause asks dam-
ages against defendant for an injury to his property,
caused by defendant throwing "up in the center of said
Ninth street, and in front of plaintiff's said property, an
embankment five feet high," thereby raising the grade
of the street, and whereby he was damaged, etc.   The
court gave two instructions for plaintiff over defendant's
objection, in one of which it is declared that plaintiff is
entitled to recover if the defendant caused the "street
to be raised, *or* a cable railway to be built and con-
structed in front of said property so as to damage the
same."   In the other, the jury are directed to assess
plaintiff's damage in such sum as will "compensate

him for the damage he has sustained by reason of the change of the street *and* the construction of said cable railroad in front of his property. The petition only asks damages for making the embankment in the street, while the instructions make a clear distinction between raising or throwing up the street and constructing the railway, and directs the jury to find for either or both injuries. They should not have been given. *Brown v. Railroad*, 80 Mo. 457, and cases cited.

There is one contention by defendant that we find no evidence whatever to support: that is, that the embankment was merely the grade of the street as established by the City of Kansas. Not being in the record we, of course, give it no consideration.

The judgment is reversed and the cause is remanded. All concur.