JOHN PADDOCK, Respondent, v. SAMUEL M. SOMES, Appellant.

St. Louis Court of Appeals, November 22, 1892.

1. **Nuisance:** EXEMPLARY (DAMAGES. When the existence of a nuisance has been judicially determined in an action at law against the person who has maintained it, and such person, nevertheless, fails to abate it, the injured party may recover exemplary damages.

2. ——: MEASURE OF DAMAGES. When a nuisance affecting realty is temporary in its nature, the land-owner is not entitled to recover damages for the difference between the value of his land without and with the nuisance thereon.

3. ——: ——: RELEVANCY OF EVIDENCE. In this action the defendant continued to maintain a sewer pipe, discharging sewage upon the plaintiff's land, after the same had been adjudged a nuisance. In a second action between the parties he sought, with reference to the assessment of the plaintiff's damages, to introduce evidence of an offer on his part to lay a pipe through the plaintiff's land. *Held*, that the evidence was irrelevant.

4. Practice, Trial: INSTRUCTION IN REGARD TO CREDIBILITY OF WITNESSES. The giving of an instruction, that the jury may disregard the entire evidence of any witness who has wilfully testified falsely in regard to any material fact is, even when the evidence warrants the instruction, largely within the discretion of the trial court, and when it does not appear that this discretion has been abused the refusal of the instruction will not constitute error.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge. '

REVERSED AND REMANDED *(with directions).*

*W. H. Clopton*, for appellant.

(1)  The verdict is excessive. By the plaintiff's instruction, numbered 2, the court limits the right of recovery to compensation for injuries done plaintiff's lot by drainage or sewage flowing through the pipe laid under Broadway by defendant from April 21, 1886, to day of verdict. And, by the third of the defendant's instructions, the court excluded all permanent or prospective injuries from the consideration of the jury. There was no evidence of injury to the lots for building purposes except of $50 paid to the stonemason for extra work. The mere proof of the value of the lot will not support a verdict for the use and enjoyment of the lots. *Sheedy v. Brick Works*, 25 Mo. App. 531; *Pinney v. Berry*, 6 Mo. 359; *Benson v. Railroad*, 78 Mo. 510. Even the

sum of $50 proved to have been paid out for extra work was for permanent improvements, and not recoverable. *Barrick v. Scheffendecker*, 123 N. Y. 52. (2) This is not a case for punitive damages. The directions of the supreme court exclude such a theory. 102 Mo. 240, paragraphs 6 and 7. Punitive damages will not be allowed in actions for trespass on lands unless an evil motive be proved. *Parker v. Shackleford*, 61 Mo. 62; *Newman v. Railroad*, 2 Mo. App. 402; *Prewett v. Cheltenham*, 33 Mo. App. 18; *Stillwell v. Burnett*, 60 Ill. 210. The rule of exemplary damages, in cases of trespass on lands or for nuisances in this state, is altogether different from that laid down by Wood, on the authority of which the trial court gave the instruction for exemplary damages. Wood on Nuisances, p. 1003. Our courts have held that there must be an element of wantonness to authorize exemplary damages. *Joice v. Branson*, 73 Mo. 28; *McKeon v. Railroad*, 42 Mo. 79; *Morgan v. Durfee*, 69 Mo. 478; *Whalen v. Church*, 62 Mo. 326; *Kennedy v. Railroad*, 36 Mo. 351; *Clark v. Fairley*, 30 Mo. App. 339. (3) The court should have permitted defendant to prove that after the verdict in the first action the defendant offered to lay a drain pipe under the lots so as to carry off the water flowing under the street. Such evidence would have disproved that "the defendant had wilfully and with malice continued the flow of drainage or sewage through the pipe." *Joice v. Branson, supra.* (4) Instruction 6 was warranted by the evidence, and the refusal of it was error. *Gillett v. Wimer*, 23 Mo. 78.

*James P. Kerr*, for respondent.

(1) Damages assessed are not excessive, and this is a case for punitive or exemplary damages. *Newman v. Railroad*, 2 Mo. App. 402; *Parker v. Shackleford*, 61

Mo. 68; *McTavish v. Carroll*, 13 Md. 429; Wood's Law of Nuisances [2 Ed. 1883] sec. 868, p. 1003; *Bradley v. Amis*, 2 Hay. (N. C.) 399; *Perkins v. Yowle*, 43 N. H. 220, and many cases cited; *Colb v. Bankhead*, 18 Tex. 228; *Hughes v. Anderson*, 68 Ala. 280; Sedgwick on Measure of Damages [8 Ed.] sec. 373, p. 532; *Martin v. Riddle*, 26 Pa. 415. (2) The seventh point made by appellant is that instruction, numbered 6, asked by defendant, should have been given. The propriety of giving an instruction touching credibility of witnesses is in the discretion of the trial court. *State v. Hickman*, 95 Mo. 322; *Bank v. Murdock*, 62 Mo. 70; *White v. Maxcy*, 64 Mo. 552.

BIGGS, J.—This suit was instituted on the twenty-second day of May, 1886. Its object was to enjoin the continuation of a nuisance and to recover damages to plaintiff's land for its continuation. The petition alleges that, in a former action between the same parties, the right of the defendant to erect the nuisance complained of had been decided adversely to him. The defendant is, and for several years previous to the institution of the present suit was, the owner of several tenement houses on the west side of North Broadway in the city of St. Louis, and the plaintiff is the owner of vacant lots immediately opposite on the east side of the street. The nuisance complained of was maintaining a sewer pipe across Broadway, by means of which it was alleged that the surface water, drainage and sewage from the defendant's premises were collected and discharged upon the plaintiff's lots. The first trial resulted in a judgment for the defendant. This judgment the supreme court reversed on appeal. *Paddock v. Somes*, 102 Mo. 226. The court remanded the cause with the following directions: "The judgment will be reversed and the cause remanded, with

directions to perpetually enjoin and restrain the defendant from further maintaining the nuisance in question, and that an inquiry of damages be had covering the space of time from the rendition of the former judgment for plaintiff down to the time when such inquiry shall be had.'' On the second trial the injunction was entered, and the court then proceeded to try the question of damages before a jury. This [inquiry resulted in a verdict for $350 actual damages, and $125 exemplary damages. Judgment was entered for the total amount, and the defendant, having failed to secure a new trial, has brought the case here by appeal.

I.   It is insisted that this is not a proper case for the assessment of exemplary damages, there being no evidence of ill will toward the plaintiff, or that the defendant acted wantonly in continuing the nuisance. On this subject the court instructed the jury as follows: "The court instructs the jury that, if they believe from the evidence that the defendant had wilfully and with malice continued the flow of drainage or sewage through the pipe across North Broadway from the premises of the defendant onto the lots of the plaintiff, they will, in addition to any damage they may assess for the injury to the lots of plaintiff for their use for building purposes, assess and find in their verdict punitive or exemplary damages,'' etc.   This instruction, under the conceded facts, was more favorable to the defendant than he had a right to expect.   It was conceded that, in a previous action at law between the same parties, there had been a verdict of a jury against the defendant for damages to the same property, which damage was caused by drainage through the same pipe. The judgment, which was entered on that verdict, is unreversed.   It is also conceded that the defendant failed thereafter to take any steps to abate the nuisance. Therefore, the presumption arises that the defendant in

failing to abate the nuisance acted maliciously and wantonly. As the plaintiff's evidence tended to show further injury to his property by reason of the sewer pipe, the defendant by his wilful conduct subjected himself to the payment of exemplary damages. Mr. Wood in his treatise on nuisances thus declares the rule: "The fact that the person maintaining the nuisance continues its exercise, after his right to do so has been denied by a verdict of a jury, is regarded as a wanton and wilful invasion of another's right, which clearly entitled the party injured to exemplary damages. * * * It is only in instances when the injury is inflicted from wanton or malicious motives, *or reckless disregard of the rights of others*, or when the act results in great hardship and oppression, that punitive damages are given; and these elements exist when, after the legal right is determined, a party goes on with a nuisance injurious to others, and he cannot, by making changes in the method of his use of the property, screen himself from liability for exemplary damages." Wood on Nuisances [2 Ed.] sec. 868. The decided cases in this state all hold that the above mentioned conditions must exist to authorize the award of exemplary damages, and we concur in the statement of Mr. Wood, that all of these elements *are present* when a defendant has failed to abate a nuisance after its existence has been declared in an action at law against him. We are, therefore, of the opinion that the defendant has nothing to complain of on this branch of the case, and, as the finding of the jury as to exemplary damages is not unreasonable, we will rule this assignment against the defendant.

II. It is claimed that the amount of compensatory damages which was assessed by the jury was not warranted by the evidence. In this we think the defendant is right. The only evidence bearing on this question,

to which we have been referred, is to the effect that about one year before the trial the plaintiff commenced to build on his lots; that he succeeded in putting in the foundation, when he was compelled to quit work on account of the flow of water and sewage through the pipe, thereby making it unsafe to proceed with the building; and that on account of the water he was compelled to pay $50 for extra work on the foundation. There was also evidence of the difference in the market values of the lot with and without the nuisance. This last evidence was clearly irrelevant. It is conceded that the nuisance complained of was temporary; therefore, under the circumstances of the case, evidence as to the depreciation in value was incompetent for any purpose. *Sheedy v. Brick Works*, 25 Mo. App. 531; *Pinney v. Berry*, 61 Mo. 359; *Benson v. Railroad*, 78 Mo. 510; *Autenrieth v. Railroad*, 36 Mo. App. 254. The law aims at compensation, and in cases like the present prospective damages must be excluded; also depreciation in the market value of the property cannot be considered for the reason that the nuisance may be abated at any time; hence, the recovery must be confined to the damage actually sustained at the time of the trial. It is quite clear that the plaintiff is entitled to recover the $50 which he was compelled to expend for extra work on the foundation, and he is also entitled to recover the legal rate of interest on the sum expended by him on the foundation for the period of one year; but beyond these amounts the finding of the jury is without competent evidence to support it. Under proper proof the plaintiff might have recovered a portion of the rental value of the premises in their improved condition as contemplated, but evidence of the difference in the market value of the lots furnished no basis for such a computation. It was the duty of the plaintiff to introduce some evidence of facts, that

would enable the jury to determine approximately the actual loss sustained on this score. The value of the lot, probable cost of the house, and the actual rental of such a structure could have been established, and in this way the plaintiff's actual loss estimated on the value of his lot could have been approximately ascertained. Our conclusion is that the verdict is excessive to the extent of $275.

III. There was no error in excluding the offer of the defendant's evidence that he proposed to lay a pipe through the plaintiff's lots. It was the defendant's duty to remove his sewer pipe, and it was the plaintiff's privilege to enjoy his property as he saw fit. Neither was it reversible error to refuse the defendant's sixth instruction which reads: "The court instructs the jury that, if they believe that any witness sworn in this case wilfully testified falsely to any material fact in this case, they may disregard all the testimony of such witness." Under the evidence the court would have been justified in giving this instruction. This, however, rested largely within its discretion. *State v. Hickam*, 95 Mo. 322; *White v. Maxcy*, 64 Mo. 552. The evidence does not convince us that the court abused its discretion.

This being a proceeding in equity, it is our duty either to make judgment here, or remand the cause with directions to the circuit court to modify its decree as to the quantum of damages. The latter we regard as preferable. The judgment as to the amount of the damages only will be reversed, and the cause remanded with directions to the circuit court to modify its judgment in this respect by reducing the amount of the damages to $200 with six-per-cent. interest thereon from October 29, 1891, and that the plaintiff have execution therefor, together with the costs of the proceeding. The costs of this appeal are adjudged against the respondent. All the judges concur.