HARRIETT L. SCOTT, Respondent, v. THE CITY OF NEVADA, Appellant.

Kansas City Court of Appeals, January 29, 1894.

1. **Nuisances**: MEASURE OF DAMAGES: PERMANENT OR APPORTIONABLE FOR JURY. When the damages for a nuisance are of a permanent character and go to the entire value of the estate affected by the nuisance, a recovery may be had for the entire damages in one action; but where the extent of a wrong may be apportioned from time to time, and does not go to the entire destruction of the estate, or its beneficial use, separate actions not only may, but must, be brought to recover the damages, whether damages are permanent or apportionable, would perhaps in this have been submitted to the jury.

2. **Appellate Practice**: NO CHANGE OF THEORY. Having tried the case on one theory in the court below, defendant cannot adopt a different theory in the upper court.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*John T. Harding* and *Irvin Gordon* for appellant.

Instructions numbers 4 and 6 submitted to the jury for their consideration the question of permanent. or prospective damages to the real estate, which should not have been done. Only the actual damage sustained to the rental value of the real estate at the date of the

institution of the suit, and not the permanent or prospective damages to the inheritance, can be recovered, since the nuisance complained of is of a temporary character. *Carson v. City of Springfield,* 53 Mo. App. 289, and cases therein cited; *Paddock v. Somes,* 51 Mo. App. 320, and cases therein cited; *Bielman v. Railroad,* 50 Mo. App. 151; *Pinney v. Berry,* 61 Mo. 360; *Benson v. Railroad,* 78 Mo. 504; Lawyers' Annotated Reports, book 7, p. 465; 1 Harris' Damages by Corporations, p. 106, sec. 91, and cases cited; Southerland on Damages, vol. 3, p. 399, and vol. 1, page 202.

*Scott & Hoss* for respondents.

(1) Having tried the case on the theory that the injury was permanent, appellant cannot now ask the appellate court to review it on a different theory. *Bielman v. Railroad,* 50 Mo. App. 156; *Corn v. City of Cameron,* 19 Mo. App. 573, 183; *Whetstone v. Shaw,* 70 Mo. 575; *Walker v. Owens,* 79 Mo. 563; *Fell v. Mining Company,* 23 Mo. App. 216. (2) If there was any error in instructions given for the respondent by the trial court, such error was waived by the appellant. *McGonigle v. Daugherty,* 71 Mo. 259; *Holmes v. Braidwood,* 82 Mo. 610; *Thorp v. Railroad,* 89 Mo. 650. (3) The case was tried on the proper theory and the court did not err in giving instructions. *Babb v. Curators of the State University,* 40 Mo. App. 173.

GILL, J.—In the suburbs of Nevada, Mrs. Scott, the plaintiff, owned a ten-acre tract of land on which she had a dwelling wherein she and her children resided. In her petition she claimed damages from the city by reason of the erection and maintenance of its main sewer which served to carry the filth and offal from the city and deposit the same at a point near

plaintiff's residence thereby creating an offensive nuisance, rendering her home uninhabitable, impairing the health of herself and family, and materially depreciating the value of her property. At the trial below plaintiff had a verdict and judgment for $800 and the defendant appealed.

The principal matter of complaint presented by defendant's counsel, relates to instructions given by the court at plaintiff's instance, wherein the jury were told that, if they found for the plaintiff, it was proper to consider, in the measure of damages, what, if any, permanent depreciation there was in the value of plaintiff's real estate, occasioned by the erection and maintenance of the sewer. Defendant contends that the plaintiff should have been limited in her recovery to such loss of rental value as she may have suffered up to the institution of this action.

As announced by us in the *Bielman case* (50 Mo. App. 151), "the rule seems to be, that where the damages are of a permanent character, and go to the entire value of the estate affected by the nuisance, a recovery may be had for the entire damages in one action; but where the extent of a wrong may be apportioned from time to time, and does not go to the entire destruction of the estate, or its beneficial use, separate actions not only may, but must, be brought to recover the damages sustained."

Whether, now, this nuisance is of a permanent, or only a temporary character is not altogether clear, nor do we feel called upon to decide that question. It would perhaps have been better to have left the determination of that matter to the jury. But, however this may be, the defendant here is in the same attitude as was the defense in the *Bielman case, supra;* the case was tried, witnesses on both sides questioned without objection, etc.—all on the theory that if plaintiff was

entitled to recover at all, the measure of damages would be the depreciation in value of the plaintiff's real estate brought about by the erection and maintenance of the nuisance. And more than this the court, at defendant's request, gave an instruction covering, practically, the same theory of law. Having tried the case on one theory in the court below, defendant cannot adopt a different one here.

There is no just reason to complain of the amount of damages awarded. If the evidence on behalf of the plaintiff is worthy of credit (and of this the jury must determine), the sum of $800 was not excessive.

Neither was there any substantial error in excluding the proffered testimony of one Bascom. His knowledge of the condition of the alleged nuisance related to a time prior to that of which the plaintiff complained.

We discover no reversible error, and the judgment, therefore, will be affirmed. All concur.