JOHN IVIE, Respondent, v. P. H. McMUNIGAL *et al.*, Appellants.

### Kansas City Court of Appeals, May 4, 1896.

1. **Nuisance**: DAMAGES: EVIDENCE: INSTRUCTION. While the rule of damages for negligent injury to real estate is usually the difference between the market value immediately before and after the injury, this rule has no application where the nuisance may be removed or separate actions may be brought for continuance; and in this case evidence and an instruction relating to the market value before and after the injury were error.

2. ———: ———: PLEADING: INSTRUCTION. In a petition for nuisance, if it is attempted to specify particularly the injuries resulting therefrom, all that are designed to be proved must be stated; and evidence should not be admitted nor instructions given in relation to injuries not alleged.

3. ———: EVIDENCE: INSTRUCTION: PETITION. It is improper to leave to the jury to determine whether the nuisance was permanent, where there is no allegation in the petition or evidence justifying such submission.

4. ———: DAMAGES: RENTAL VALUE. In this case the only damages recoverable under the petition and evidence were for the loss of rental value, and the jury should have been so instructed.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

REVERSED AND REMANDED.

*McAntire & Craycroft* and *Benton & Sturgess* for appellant.

(1) The petition did not state a cause of action. *Randle v. Railroad*, 65 Mo. 325; *Whitfield v. The Town of Carrollton*, 50 Mo. App. 98; *Berlin v. Thompson*, 61 Mo. App. 235. (2) Where the nuisance is such as

may be removed (or stopped) at any time and the damage does not go to the inheritance, the measure of damages is the loss actually sustained prior to the institution of the suit, and not to any supposed permanent damage to the real estate. *Bielman v. Railroad,* 50 Mo. App. 151; *Paddock v. Somes,* 51 Mo. App. 320; *Carson v. Springfield,* 53 Mo. App. 289; *Scott v. Nevada,* 56 Mo. App. 191; *Pinney v. Berry,* 61 Mo. 360; *Van Hoozier v. Railroad,* 70 Mo. 145; *Dickson v. Railroad,* 71 Mo. 575; *Benson v. Railroad,* 78 Mo. 504; *Brown v. Railroad,* 80 Mo. 457; *Smith v. Railroad,* 98 Mo. 20; *Bielman v. Railroad,* 50 Mo. App. 151; *Scott v. Nevada,* 56 Mo. App. 191. (3) The measure of damages, if any, in this case is the difference between the rental value of plaintiff's premises before the defendant's foundry was erected and operated and the rental value since the same was erected and operated to the time of the institution of this suit. *Bielman v. Railroad, supra; Scott v. Nevada, supra; Pinney v. Berry, supra; Hudson v. Burk,* 48 Mo. App. 314. (4) The erection of the foundry on defendant's own lots was not a nuisance. *Gibson v. Donk,* 7 Mo. App. 37; *Whitfield v. Carrollton,* 50 Mo. App. 98; *Kirchgraber v. Lloyd,* 59 Mo. App. 59; *Berlin v. Thompson,* 61 Mo. App. 235; *St. Louis v. Russell,* 116 Mo. 248. (5) The second instruction is erroneous. *Gibson v. Donk, supra.*

*A. H. Redding* for respondent.

(1) The petition states a cause of action. It concisely states the wrong complained of, and asks judgment for damages sustained. *Young v. Iron Co.,* 103 Mo. 327; *Lycett v. Wolf,* 45 Mo. App. 493, and cases cited; *Bielman v. Railroad,* 50 Mo. App. 152; *Dunn v. Austin,* 77 Tex. 139, 11 S. W. Rep. 1125; *State ex rel.*

*v. Board of Health*, 16 Mo. App. 8, 13. (2) A nuisance is any use of property that corrupts the atmosphere with noxious vapors, and noisome smells, producing injury to property or health, or impairing the comfortable enjoyment of it as a dwelling. *Beckley v. Skroh*, 19 Mo. App. 75; *Vohn v. Keith*, 35 Mo. 87; *Churchill v. Water Co.*, 62 N. W. Rep. 646; *Sullivan v. Boyer*, 13 Pac. Rep. 655; *Bohn v. Gaslight Co.*, 25 N. E. Rep. 246. (3) The building was built and used for foundry purposes; it was not temporary but permanent; it effected a permanent injury to the value of plaintiff's premises. *Martin v. Railroad*, 47 Mo. App. 452; *Wallace v. Railroad*, 47 Mo. App. 491; *Givens v. Von Studdiford*, 4 Mo. App. 498; *Babb v. State*, 40 Mo. App. 173. (4) It is well settled that when the injury inflicted is of a permanent character and goes to the entire value of the estate, the whole injury is suffered at once, and a recovery should be had therefor in a single suit, and no subsequent action can be maintained for the continuance of said injury. *Markt v. Davis*, 46 Mo. App. on page 274; *Scott v. City of Nevada*, 56 Mo. App. 191. The second instruction given for the plaintiff was correct. *Beckley v. Skroh*, 19 Mo. App. 75. (5) The question of what constitutes a nuisance is a question of law. The jury should be plainly told what constitutes a nuisance. *Gibson v. Donk*, 7 Mo. App. on page 40; *Kirchgraber v. Lloyd*, 59 Mo. App. 59; *Railroad v. Stock Yards*, 120 Mo. App. on page 550, and cases there cited.

SMITH, P. J.—This is an action to recover damages for private nuisance. The petition alleged that defendant, Mary A. McMunigal, purchased two lots lying due south of and contiguous to the lots owned by plaintiff and on which there was located the latters' dwelling house; "that upon the purchase of said lots,

the defendants wrongfully erected thereon, and within thirty-six feet of plaintiff's dwelling house, a large foundry and machine shop, and has, since the —— day of January, 1895, continued to wrongfully, willfully and negligently work and operate the same, so that a large amount of dirt and cinders from said foundry and machine shop are continually falling in, around and upon the dwelling house and porch of plaintiff, so that plaintiff is compelled to keep all his doors and windows closed to prevent dirt, cinders, and smoke from said foundry and machine shop from blowing in and through said dwelling house and ruining all his furniture and household goods therein. That on the —— day of ——, 1895, sparks of fire from the said foundry and machine shop blew into plaintiff's yard, caught in the grass and would have burned plaintiff's said dwelling house, had it not been discovered in time to prevent it. Said smoke, cinders, and dirt, in, on, and around plaintiff's said dwelling house, and the continuous noises produced at said foundry and machine shop, are so annoying, offensive, and injurious to plaintiff and his family that plaintiff is deprived of his said property and the same is rendered thereby uninhabitable and greatly depreciated in value and in its rental value." The allegations of the petition were put in issue by the general denial of the defendants' answer.

There was a trial and judgment for the plaintiff. The defendants appealed.

The defendants assign for error the action of the trial court in permitting the plaintiff, over their timely objections, to introduce evidence tending to prove the market value of the plaintiff's property immediately before and after the erection of the defendants' foundry. The admission of this evidence was an error, which was repeated by the court in giving the

third instruction for the plaintiff, which declared that the measure of damages was the difference in the value of plaintiff's property immediately before the erection of the foundry and immediately after. The petition counts on the negligent operation of the foundry and machine shop, whereby there was caused to continually fall in and around plaintiff's dwelling house and porch, cinders, dirt, and smoke, and whereby noises were produced, greatly annoying plaintiff and his family and rendering his property uninhabitable, etc.

In an action for a negligent injury to real estate, the rule of damages generally adopted is to allow the plaintiff the difference between the market value of the land immediately before the injury occurred and the like value immediately after the injury is complete. But this rule has no application to such nuisances as may be removed the day after the verdict, or for the continuance of which a second or third action may be maintained, or which may be abated at the instance of the injured party, by the order of a competent court; or, as stated by Wood on Nuisances, section 869: "Where the extent of the wrong may be apportioned and does not go to the entire destruction of the estate, or its beneficial use, separate actions not only may, but must, be brought to recover the damages sustained." The measure of damage is compensation for the loss actually sustained prior to the suit, by reason of the nuisance. *Carson v. Springfield*, 53 Mo. 289; *Pinney v. Berry*, 61 Mo. 359; *Brown v. Railroad*, 80 Mo. 451; *Bielman v. Railroad*, 50 Mo. App. 151; *Paddock v. Somes*, 51 Mo. App. 320; *Scott v. Nevada*, 56 Mo. App. 191; *Van Hoozier v. Railroad*, 70 Mo. 145; *Dickson v. Rock Island*, 71 Mo. 575; *Benson v. Railroad*, 78 Mo. 575; *Brown v. Railroad*, 80 Mo. 457; *Smith v. Railroad*, 98 Mo. 20. As the plaintiff may bring repeated actions for the nuisance of which he

complains, if the same be continued, evidence of diminution in the salable value of his said property was not admissible for any purpose. And for like reasons the plaintiff's third instruction was an improper expression of the law in a case like the present.

The defendants further complain of the action of the court in giving the plaintiff's second instruction, which was as follows: "2. If you find from the preponderance of the evidence, that the defendants erected the foundry so near plaintiff's dwelling in which he resides, and in operating said foundry caused smoke, cinders, dust, and dirt to fall in and upon and around plaintiff's dwelling, or in operating said foundry *caused noxious vapors, noisome smells, or corrupted the atmosphere and injured the health of plaintiff or his family*, or injured plaintiff's property, or impaired the comfortable enjoyment of plaintiff's dwelling, then your verdict should be for the plaintiff in such sum as you think he has been damaged, not exceeding $1,000."

The injuries mentioned in the italics of this instruction are not among those detailed in the petition, as will be seen by reference to the allegations thereof. The rule is that if it is attempted to specify particularly the injuries resulting from the principal one, all that are designed to be proved must be stated. *Pinney v. Berry, ante; Brown v. Railroad, ante.* But the injuries just referred to were not only not detailed in the petition, but there was no proof whatever of their existence. It is true there was evidence adduced tending to show that by reason of the smoke, soot, and dust that escaped from the foundry into the plaintiff' residence, his health was impaired; but as there was no corresponding allegations in the petition, such evidence should not have been admitted. Nor was there any proof whatever offered tending to prove the unalleged injuries specified in said instruction. The jury were authorized by this

instruction to take into consideration elements of damage that were neither alleged nor proved. The instruction was therefore vicious and misleading.

And the fourth instruction given by the court on its own motion is subject to like objection and should not have been given. The fifth instruction, also given by the court on its own motion, leaving it to the jury to determine whether plaintiff's property had been permanently damaged, was improper, since there was nothing in the petition, or the evidence, justifying the submission of any such issue to the jury. The sixth instruction, given by the court of its own motion, which told the jury that in passing upon the amount of damages the plaintiff had sustained, if any, to take into consideration that the plaintiff's residence was situated in a populous city, and the kind of city, also its manufacturing and commercial interests, was out of place in the case. The only damages which the plaintiff was entitled to recover, if, indeed, he was entitled to recover at all under the petition and evidence, were for the loss of the rental value.

The second instruction asked by the defendant, to the effect that the measure of damages in the case was the difference between the rental value of the plaintiff's premises before the foundry was erected and operated, and the rental value since the same was erected and operated, to the time of the institution of the suit, declared the proper rule, as applicable to the case, as is shown by the adjudged cases already referred to. The fourth instruction, requested by defendants, was unexceptionable in its enunciation and could with propriety have been given.

It follows that the judgment must be reversed and the cause remanded, which is ordered accordingly. All concur.