H. B. C. TEGELER et ux., Respondents, v. KANSAS
CITY et al., Appellants.

**Kansas City Court of Appeals, June 2, 1902.**

1. **Damages:** TAKING OF REAL ESTATE. Where, in raising the grade of an alley, the embankment runs out and rests on the abutting property, there is a direct taking of the property and the injuries are not consequential but direct and positive, and the nuisance is permanent and the damages may be estimated at once.

2. ———: MEASURE OF: PERMANENT INJURY TO REALTY. Where an injury to realty is permanent, as by raising an embankment thereon, the measure of damages is the difference in the value of the property immediately before and after the completion of the injury, unless the reasonable cost of restoring the property to its former condition is less than such difference in value.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,*
Judge.

AFFIRMED.

*L. A. Laughlin* for appellant.

(1)   The court erred in giving instruction number two for plaintiff on the measure of damages. Trust Co. v. Bambrick, 149 Mo. 560; Martin v. Railroad, 47 Mo. App., 452; Sheehy v. Railroad, 94 Mo. 574. (2)   The court erred in permitting plaintiff to recover damages for the cost of a retaining wall. Bauman v. Boeckeler, 119 Mo. 189; Rosenberger v. Miller, 61 Mo. App. 422; Brinck v. Collier, 56 Mo. 164.

*C. E. Burnham* and *Geo. N. Elliott* for respondent.

(1)   The court committed no error in giving instruction number two.  This was not an act of tres-

pass, but was a taking of private property within the meaning of section twenty-one, article two of the Constitution of the State, which forbids the taking of private property without just compensation. Broadwell v. City of Kansas, 75 Mo. 213; Payne v. Railway, 112 Mo. 18; Vanderlip v. City, 73 Mich. 522; Myers v. St. Louis, 82 Mo. 375; Stewart v. City of Clinton, 79 Mo. 611; Wegmann v. City of Jefferson, 61 Mo. 55. (2) It follows, therefore, if we are correct in the above contention, that no error was committed by including cost of wall, etc.

SMITH, P. J.—Plaintiffs are husband and wife. The latter is the owner of a lot of land having forty-six feet frontage on the west side of Forest avenue and extending back about one hundred and fifty feet to the alley. Plaintiff's lot is level, except for about ten feet in the rear. At this point the ground commences to rise rapidly. There is a two-story house on the property, having nine rooms. The wife purchased the property in 1896. A year or two later, in conjunction with the owner of the property on either side, plaintiffs built a board fence across the rear of their lot, about twelve feet inside of the alley line and about at the base of the slope. The city passed an ordinance to grade the said alley. On January 27, 1900, the city entered into a contract with the defendant, William Trehey, to grade the alley, which was performed by him. The specifications under which the alley was graded called for a fill of seven or eight feet in the rear of plaintiffs' lot on the line of the alley. In doing the grading the contractor filled the space between the fence and alley line with dirt and some of the fence was knocked down and covered up with dirt. Plaintiffs brought this suit for damages for the cost of removing the earth, rebuilding the fence and erecting a retaining wall. They introduced evidence at the trial on these points and also as to the diminution in the market value of the property.

The court instructed the jury that they should allow as damages, the diminution in the market value of the property, unless they found the cost of removing the dirt and building the retaining wall would be less, in which case the latter should be the measure of damages. The jury returned a verdict in favor of the plaintiffs. After an unsuccessful motion for new trial the defendant has appealed to this court. The only question raised by defendant's appeal is as to the propriety of the action of the trial court in giving for plaintiffs the instruction just alluded to.

In 2 Dillon Municipal Corp., section 990, it is stated: "That the courts by numerous decisions in most of the States, have settled the law that municipal corporations, acting under authority conferred by the Legislature to make and repair or to grade, level and improve streets, if they keep within the limits of the street and do not trespass upon or invade private property, and exercise reasonable care and skill in the performance of the work, are not answerable to the adjoining owner whose lands are not actually taken, trespassed upon or invaded, for consequential damages to his premises, unless there is a provision in the charter of the corporation or in some statute creating liability." And in Trans. Co. v. Chicago, 99 U. S. 639, it was said that "acts done in the exercise of governmental powers and not encroaching upon private property, though their consequences may impair its use, are universally held not to be a taking within the meaning of the constitutional provision. They do not entitle the owner of such property to compensation from the State or its agents, or give him a right of action."

But the action here is not for consequential damages, but for a direct and positive injury. The contractor of the city doing the work did not keep within the limits of the alley. He trespassed upon and invaded the private property of the plaintiffs. In Broadwell v. Kansas City, 75 Mo. 213, a case in its salient

facts very similar to this, it was said that "section 16, article 1 of the Constitution of 1865, provided that 'No private property ought to be taken or applied to public use without just compensation.' " Here the city and the servant took the property of the plaintiffs within the meaning of that section. The taking of property within that prohibition may either be total or absolute, or a taking *pro tanto*. "Any injury to the property of an individual which deprives the owner of the ordinary use of it, is equivalent to a taking and entitles him to compensation. So any partial destruction or diminution of value of property by an act of the Government which directly and not merely incidentally affects it, is to that extent an appropriation." In Payne v. Railway, 112 Mo. loc. cit. 18, it is said that if a city in grading a street builds an embankment beyond the limits of the street on private property, then it is liable. In Myers v. St. Louis, 82 Mo. loc. cit. 375, it was said that "in Broadwell v. Kansas City, 75 Mo. 213, 'a recovery was allowed by us on the ground that the injury declared on was not consequential, but a direct physical invasion of the property of the complainant.' "

This case is to be distinguished from a case like that of Ivie v. McMunigal, 66 Mo. App. 437, where it was said that in an action for negligent injury to real estate "the rule of damages generally adopted is to allow the plaintiff the difference between the market value of the land immediately before the injury occurred and the like value immediately after the injury is complete. But this rule has no application to such nuisances as may be removed the day after the verdict, or for the continuance of which a second or third action may be maintained, or which may be abated at the instance of the injured party, by the order of a competent court; . . . The measure of damages is the compensation for the loss actually sustained prior to the suit, by reason of the nuisance." Citing, Carson v. Springfield, 53 Mo. 289; Pinney v. Berry, 61 Mo. App. 359;

Brown v. Railway, 45 Mo. 221; Van Hoosier v. Rail-
way, 70 Mo. 145; Dickson v. Railroad, 71 Mo. 575;
Benson v. Railway, 78 Mo. 504; Brown v. Railway, 80
Mo. 457; Smith v. Railway, 98 Mo. 20; Bielman v.
Railway, 50 Mo. App. 151; Paddock v. Somes, 51 Mo.
App. 320; Scott v. Nevada, 56 Mo. App. 191. But here
the embankment was, as in Martin v. Railway, 47 Mo.
App. 452, composed of "dirt and clay," and in which
case in speaking of the embankment it was said, it
"was about as permanent as anything human hands
could make, and would continue without change from
any cause but human labor." The damages for such
an injury are original and may at once be estimated
and compensated. Wallace v. Railway, 47 Mo. App.
loc. cit. 496-7; Sedgwick on Dam., 94; Powers v. Rail-
way, 45 Iowa 652; Blodgett v. Railway, 53 Iowa 470;
Town v. Railway, 3 Foster (N. H.) 383.

In a case like this where the injury is permanent,
the measure of damages is the difference between the
market value of the property immediately before the
injury occurred and its value after the injury was com-
plete (Martin v. Railway, ante; Taylor v. Railway,
38 Mo. App. 668; Babb v. Curators, 40 Mo. App. 173;
Sheehy v. Railway, 94 Mo. 574), unless the reasonable
cost of repairing the injury by restoring the property
to its former condition, as near as may be, is less than
such difference, then the latter is the true measure of
damages. Smith v. Kansas City, 128 Mo. 23, and cases
there cited.

The only way the property could be restored to
anything like its former condition would be, as shown
by the evidence, to remove the dirt and clay and con-
struct a retaining wall on the west end of the lot,
abutting on the alley, for without such wall the "fill"
would slide down upon the rear of plaintiffs' lot.

It accordingly follows that the plaintiffs' said in-

struction was not an incorrect expression of the rule as to the measure of damages in the case. The judgment will, therefore, be affirmed. All concur.